IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| THOMAS D. EMBRY, | Case No. 1:22-cv-006 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| LIZA KOTLARISC, Clerk of Court, Fairfield Ohio Municipal Court, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case is before the Court on Defendant Liza Kotlarisc's Motion to Dismiss (Doc. 3). Plaintiff Thomas Embry filed a response in opposition to the motion (Doc. 6), to which Defendant replied (Doc. 7). Additionally, Plaintiff filed a surreply (8), to which Defendant responded (Doc. 9). Thus, this matter ripe for review. For the reasons below, Defendant's Motion to Dismiss (Doc. 3) is **GRANTED.**

## BACKGROUND

The factual allegations in the Complaint, which this Court must accept as true for purposes of adjudicating the Motion to Dismiss, *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993), are as follows. On August 4, 2021, Jessica Taylor was charged in Fairfield Municipal Court for attempted falsification in violation of Ohio Rev. Code § 501.09(A). (Compl., Doc. 1, Pg. ID 2.) She was fined $500.00, assessed $900.00 in fees for probation, and assessed $145.00 for other fees and costs. (*Id.*) Such fines and fees totaled

$1545.00. (*Id.*) Then, on October 6, 2021, Taylor was incarcerated on a criminal contempt charge for failure to pay the $1545.00 owed to Fairfield Municipal Court. (*Id.*)

On October 12, 2021, Plaintiff deposited a cash appearance bond of $3500.00, plus a $25.00 fee, with Defendant in Taylor's criminal contempt case and she was released from confinement. (Compl., Doc. 1, Pg. ID 2.) The case was then dismissed on November 13, 2021, but Taylor was ordered to pay additional costs of $46.00. (*Id.* at 3.) However, instead of returning the $3525.00 to Plaintiff following the dismissal of Taylor's criminal contempt charge, Defendant returned only $1934.00. (*Id.*) Defendant deducted (a) $46.00, the costs assessed due to Taylor's criminal contempt charge and subsequent dismissal, and (b) $1545.00, the fines and costs assessed for Taylor's attempted falsification charge. (*Id.*) Plaintiff alleges that Defendant engages in conduct of this nature frequently and that such conduct is in violation of his constitutional rights. (*Id.* at 3-4.)

Plaintiff then filed this action on January 5, 2022. (*See* Compl., Doc. 1.) Plaintiff brings a single cause of action, claiming that "Defendant seized and appropriated $3535.00 belonging to Plaintiff without legal right or basis, and without notice and a hearing, while acting under state law[,] thereby depriving Plaintiff of his property in violation of Fourteenth Amendment and 42 U.S.C. § 1983." (*Id.* at 4.) Plaintiff seeks compensatory damages, attorneys fees, and any other relief this Court may deem just and necessary. (*Id.* at 5.) Defendant then filed the Motion to Dismiss (Doc. 4).

2

## LAW & ANALYSIS

In the Motion to Dismiss, Defendant argues that this case should be dismissed for multiple reasons. Of note, Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant argues that, because Plaintiff's claims are brought against Defendant in her official capacity as the Clerk of Court for Fairfield Municipal Court, Plaintiff's claims are barred due to Eleventh Amendment. Because this Court finds that this Court lacks subject matter jurisdiction due to Plaintiff's claim being barred by the Eleventh Amendment, the Court need not address Defendant's remaining arguments.

Fed. R. Civ. P. 12(b)(1) requires dismissal when a federal court lacks subject matter jurisdiction. The Eleventh Amendment to the United States Constitution grants sovereign immunity to the state against suit in federal court when the state does not consent to such suit. *Seminole Tribe v. Florida,* 517 U.S. 44, 54 (1996). "A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is the proper vehicle to assert Eleventh Amendment immunity." *Lee Testing & Eng'g, Inc. v. Ohio Dept. of Transp.,* 855 F.Supp.2d 722, 725 (S.D. Ohio 2012). "[T]he entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity." *Nair v. Oakland Cnty. Cmty. Mental Health Auth.,* 443 F.3d 469, 475 (6th Cir. 2006).

The Sixth Circuit has held that Ohio courts "are arms of the state for purposes of § 1983 liability and the Eleventh Amendment." *Williams v. Leslie,* 28 F. App'x 387, 389 (6th Cir. 2002). Ohio municipal courts are also considered arms of the state and therefore protected by Eleventh Amendment immunity. *Ward v. City of Norwalk,* 640 F. App'x 462,

464. Not only are courts themselves considered arms of the state, but "[t]he clerks of court, who operate under the court's authority, are likewise arms of the state of Ohio for purposes of § 1983 liability, at least when they conduct the business of the court or other duties mandated by state law." *Swann v. Reese*, No. 3:20-cv-509, 2022 WL 1591694, at *5 (S.D. Ohio May 19, 2022). This is because "an official-capacity suit is, in all respects other than name, [] treated as a suit against the entity . . ." *Ward*, 640 F.App'x at 464-65.

Here, Plaintiff admits that he brings this action against Defendant in her official capacity as the Clerk of Court for the Fairfield Municipal Court. (Response in Opp., Doc. 6, Pg. ID 158.) Defendant's conduct outlined in Plaintiff's Complaint was conducted as business of the court. (*See* Compl., Doc. 1.) Pursuant to Sixth Circuit precedent, a suit for monetary damages against Defendant in her official capacity as the Clerk of Court for the Fairfield Municipal Court when her conduct constitutes business of the court operates as a suit against the Fairfield Municipal Court. *See Ward*, 640 F.App'x at 464-65. Because a suit against the Fairfield Municipal Court is barred by the Eleventh Amendment, Plaintiff's claim against Defendant in her official capacity is also barred.

Plaintiff makes two arguments as to why his claim should survive. First, Plaintiff argues throughout his Response in Opposition that counties and municipalities, as well as those acting in their official capacity on behalf of counties and municipalities, do not automatically have the benefit of Eleventh Amendment immunity. Plaintiff argues that, pursuant to *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003), the Court must consider certain factors when determining if a suit against a county or municipality is in fact one against the State. (Response in Opp., Doc. 6, Pg. ID 159.) Plaintiff's proposition is true. In *Alkire*,

4

the Sixth Circuit held that a court must consider the following factors to determine if sovereign immunity precludes a suit under the Eleventh Amendment: (1) whether the state would be legally liable for a judgment against the entity, (2) the status of the entity under state law, (3) the amount of control the state wields over the entity, (4) whether the entity can sue or be sued in its own right or hold property in its name, (5) whether the entity is immune from state taxation, and (6) whether the entity is concerned with state or local issues. *Id*. at 812-13. The most important factor, as Plaintiff correctly points out, is whether the state or the entity would be legally liable for a judgment against the entity. *Id*. at 812.

While Plaintiff is correct that the Sixth Circuit has held that this factor-test is determinative in cases such as this, the Sixth Circuit, as well as this Court, has applied this factor test on numerous occasions and determined that, even if a state would not be liable for the monetary judgment, Ohio courts, including municipal courts, are entitled to Eleventh Amendment immunity. *See e.g., Labors' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325 (6th Cir. 2022) (holding that a plaintiff "cannot sue the court itself or recover damages from the administrators in their official capacities" because such claims are barred by the Eleventh Amendment); *Ward*, 640 F. App'x 462 (holding that Eleventh Amendment immunity barred a monetary claim against the Norwalk Municipal Court Clerk of Court in his official capacity despite the fact that the state would be liable for a monetary judgment); *Whorton v. Cognitians, LLC*, No. 19-3488, 2019 WL 8917880 (finding that the district court properly dismissed with prejudice "all claims against the Dayton Municipal Court, because Ohio state courts, including municipal courts, are entitled to

Eleventh Amendment immunity from suit"); *Swan*, 2022 WL 1592694 (holding that claims against the Hamilton County Clerk of Court in his official capacity was barred by Eleventh Amendment immunity because clerks of court operating under the court's authority "are likewise arms of the state of Ohio for purposes of § 1983 liability"); *Davis v. Jackson Cnty. Mun. Ct.*, 941 F.Supp.2d 870 (S.D. Ohio 2013) (holding that claims against the Jackson County Municipal Court and a Jackson County Municipal Court judge in his official capacity are barred by Eleventh Amendment immunity).

Thus, the Court finds that it is settled law that Eleventh Amendment immunity bars claims against Ohio municipal courts and clerks of court operating in their official capacities. Again, Defendant was operating in her official capacity as the Fairfield Municipal Court Clerk of Court. Therefore, Plaintiff's claims against Defendant are barred by the Eleventh Amendment.

Lastly, in his surreply, Plaintiff argues that this case does not seek monetary damages but, rather, a return of Plaintiff's property and, therefore, is not barred by the Eleventh Amendment. However, the Court is unpersuaded. First, Plaintiff unambiguously seeks compensatory damages. (Compl., Doc. 1, Pg. ID 5.) Suits seeking compensatory monetary damages are the exact suits barred by Eleventh Amendment immunity. "[A]s currently pled," Plaintiff seeks monetary damages from Defendant in her official capacity as Clerk of Court for Fairfield Municipal Court, and Plaintiff "cannot amend his Complaint through his memorandum in opposition to a motion to dismiss." *See Grant v. Montgomery Cnty., Ohio*, No. 3:19-cv-80, 2021 WL 1192568, at *5 (S.D. Ohio Mar. 30, 2021).

Second, in his surreply, Plaintiff fails to cite any case law which allegedly supports his contention that is binding on this Court. The majority of the cases Plaintiff cited come from courts outside of the Sixth Circuit's purview. Thus, the Court is not bound by the holdings in such cases. Also, the cases Plaintiff relies upon are distinguishable from this case. The cases Plaintiff cites are cases where states seized property from plaintiffs that are held in state trusts, such as investment assets seized or vehicles towed, and involved property which the plaintiffs still held interest in. *See Suever v. Connell*, 439 F.3d 1142 (9th Cir. 2006) (class action seeking equitable relief following the alleged seizure of investment assets pursuant to California escheat statute); *see also Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005) (plaintiffs bring suit following California seizure of stock pursuant to California escheat statute); *Maxwell v. Phillips*, No. 05-2280 M1/V, 2005 WL 3134055 (W.D. Tenn. Mov. 22, 2005) (plaintiff seeking the return of vehicle seized in connection with arrest). Plaintiff makes no substantive argument for why this case is synonymous to the cases he cites, nor can the Court find such similarities.

Therefore, Plaintiff's claim against Defendant is barred by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**. This case is therefore **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

                                                UNITED STATES DISTRICT COURT
                                                SOUTHERN DISTRICT OF OHIO

                                     By: _____
                                                JUDGE MATTHEW W. McFARLAND

8